UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITY OF TREASURE ISLAND, a
Florida Municipal Corporation,

    Plaintiff,
v.          Case No. 8:09-cv-1317-T-33MAP

CITY OF ST. PETERSBURG, a
Florida Municipal Corporation,

    Defendant.
_____/

**ORDER**

This cause is before the Court *sua sponte*.[1] After due consideration and for the reasons set forth below, the Court remands this case to the Sixth Judicial Circuit in and for Pinellas County, Florida.

**I. Background**

This case was removed to federal court by Defendant on July 14, 2009, on the basis of federal question jurisdiction. 28 U.S.C. § 1331. In the Notice of Removal, Defendant explained:

> The Plaintiff's Amended Complaint asserts a claim for declaratory and injunctive relief under 33 U.S.C. §§ 1281, et seq., known as Part II of the Clean Water Act, in that the allegations of Count II of the Amended Complaint invoke the provisions of and seek relief under Part II of the Clean Water

---

[1] Although Defendant's Motion to Dismiss (Doc. # 3) is currently pending before the Court, the Court determines that remand, rather than dismissal, is appropriate here.

> Act and its implementing regulations pertaining to
> grants for the construction of treatment works.

(Doc. # 1 at 1-2).

However, a close reading of the Amended Complaint reveals that Plaintiff's Amended Complaint seeks "declaratory relief pursuant to Chapter 86, Florida Statutes and injunctive relief." (Doc. # 2 at ¶ 1). Specifically, Plaintiff seeks a declaration that "Florida Statute Section 180.191, the Federal Clean Water Act, 33 U.S.C. § 1281, et seq., the provisions of a corresponding Interlocal Agreement between Treasure Island and St. Petersburg . . . preclude St. Petersburg from adding a surcharge of up to 25%" on wastewater services. (Doc. # 2 at ¶ 1). In addition, Plaintiff seeks an injunction barring St. Petersburg from imposing the aforementioned surcharge on wastewater services. (Id.)

It cannot be denied that Plaintiff has referred to a federal statute--the Clean Water Act and its implementing regulations--in the operative complaint. However, this, alone, is not enough to confer federal jurisdiction. At this juncture, the Court must determine whether it has jurisdiction over this matter.

## II. Limited Jurisdiction of Federal Courts

Federal courts are courts of limited jurisdiction and are

"empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 1994). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

Generally, the district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[2] As stated in Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986), "the question of whether a claim arises under federal law must be determined by reference to the well-pleaded complaint." The Supreme Court has recently explained that "[u]nder the longstanding well-pleaded complaint rule, . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009)(internal citations omitted).

Within these parameters, the Supreme Court has clarified

---

[2] Analysis of 28 U.S.C. § 1332 concerning diversity jurisdiction is not relevant to the present case, which is between two Florida municipal corporations.

3

that a cause of action can arise under federal law in one of three ways. Franchise Tax Bd v. Construction Laborers Vacation Trust, 463 U.S. 1, 8 (1983). First, a federal law may "create the cause of action." Id. at 8-9. Second, a cause of action may arise where "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." Id. at 13. Third, a cause of action may arise where "a federal cause of action completely preempts a state cause of action." Id. at 24.

Furthermore, in Merrell Dow, 478 U.S. at 817, the Court explained that a complaint alleging the violation of a federal statute as an element of a state cause of action does not necessarily state a claim arising under the laws of the United States when Congress created no private, federal right of action for the violation of the federal law.[3] Clearly, the

---

[3] Merrell Dow involved a state cause of action for the breach of a federal duty not to misbrand pharmaceutical products. Although federal law created a legal duty not to misbrand, it did not create a private cause of action against manufacturers who did so. The Supreme Court held that removal of the state court action to federal court was improper because Congress had not determined that a private, federal cause of action exists for violation of the federal law. Merrell Dow, 478 U.S. at 817. Similarly, in Jairath v. Dyer, 154 F.3d 1280, 1282 (11th Cir. 1998), the court determined that, where a federal law created no private cause of action, federal question jurisdiction did not arise from a state law creating a cause of action for the breach of a duty under that federal law. Id.

mere mention of a federal statute in a complaint does not create federal question jurisdiction. Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir. 1994).

In the present case, the Court determines that remand is appropriate because the Court lacks subject matter jurisdiction over this case.[4] Plaintiff seeks a declaration that Defendant's surcharge on wastewater treatment services, as applied to Plaintiff, violates the Clean Water Act. However, with the limited exception of a citizen's suit under 33 U.S.C. § 1365(a), the Clean Water Act contains no private right of action.[5] In Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n, 453 U.S. 1 (1981), the Court, analyzing the Clean Water Act, held:

> In view of these elaborate enforcement provisions it cannot be assumed that Congress intended to authorize by implication additional judicial remedies for private citizens under the Act. As we stated in Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 19 (1979) "it is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it."

---

[4] It is well known that removal statutes are to be construed narrowly, and uncertainties about the district court's jurisdiction are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

[5] Both parties agree that the citizen's suit provision is not relevant in this case.

5

Sea Clammers, 453 U.S. at 14-15.

Thus, consistent with Sea Clammers and Merrell Dow, the Court determines that Plaintiff's complaint does not arise under federal law. There is no private right of action under the Clean Water Act applicable here, and the operative complaint does not implicate a substantial question of federal law. Nor can it be said that the Clean Water Act and its regulations completely preempt state law.

The court in Templeton Bd. of Sewer Comms. v. Am. Tissue Mills of Mass., 352 F.3d 33 (1st Cir. 2003), followed a similar analysis in affirming a district court's dismissal of a Clean Water Act case due to lack of subject matter jurisdiction. After holding that "[t]here is no private right of action under the CWA" the Templeton court concluded: "Unless a federal statute bestows a private right of action, courts ought to presume that Congress did not intend the statute to confer federal jurisdiction." Id. at 37-38.

This Court finds the Templeton Court's analysis particularly helpful and agrees that federal jurisdiction is not created "merely because a court will have to interpret the federal regulations." Id. at 40. Further, "the determination of whether a federal issue is sufficiently substantial should be informed by a sensitive judgment about whether the

6

existence of a federal judicial power is both appropriate and pragmatic and that, at bottom, we must determine whether the dispute is one that Congress intended federal courts to resolve." Id. at 41 (internal citations omitted).

The court reached a similar result in Bd. of Trustees of Painesville Township v. City of Painesville, 200 F.3d 396 (6th Cir. 1999), in which the Sixth Circuit affirmed the district court's dismissal of a wastewater treatment Clean Water Act case due to lack of subject matter jurisdiction. The Painesville court noted,

> We must affirm the district court's decision dismissing this case because the Supreme Court's decision in Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n, 453 U.S. 1 (1981), clearly precludes us from implying a private right of action against the defendant under the CWA. Even if plaintiffs' claims were authorized under the statute, we would still affirm because plaintiffs' failure to comply with the statutory notice provisions applicable to citizens suits under the Act deprives us of jurisdiction over their claims.

Painesville, 200 F.3d at 397.[6] The Painesville court underscored that "it is not the role of federal courts to articulate federal interests--but to enforce the federal interests identified by Congress." Id. at 400 (internal

---

[6] This Court notes that Plaintiff's complaint in the present case also lacks allegations of compliance with the statutory notice provisions applicable to citizen suits.

7

citation omitted).

As in the Templeton and Painesville cases, this Court sees no indication that Congress intended the Clean Water Act and its regulations to confer federal question jurisdiction. Accordingly, the Court remands this case to state court pursuant to 28 U.S.C. § 1447(c) because the Court lacks jurisdiction.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to the Sixth Judicial Circuit in and for Pinellas County, Florida, and thereafter, to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of January 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel of Record